UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES MITCHELL,

        Plaintiff,

v.

                                              Case No. 3:19-cv-1328-J-34MCR

DEPT. OF CORRECTIONS AND
NEW RIVER C.I.,

        Defendants.

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff James Mitchell, an inmate of the Florida penal system, initiated this action on October 7, 2019, by filing a pro se Civil Rights Complaint Form (Complaint; Doc. 1) in the United States District Court for the Southern District of Florida. The Southern District Court transferred the case to this Court on November 15, 2019. In the Complaint, Mitchell names the Florida Department of Corrections (FDOC) and New River Correctional Institution (New River CI) as the Defendants. He asserts that a window "fell out" and hit his head on May 26, 2019, when he was sitting on his bunk during "a relax count" at New River CI. Complaint at 2. According to Mitchell, he declared a medical emergency and was treated for a two-inch "gash" on his head. Id. He states that the window has not been fixed. See id. As relief, he seeks monetary damages.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A. Additionally, the Court must read

Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of

2

action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

To the extent Mitchell asserts any claims against the FDOC, state and governmental entities that are considered "arms of the state" are not "persons" subject to liability for purposes of § l983 action. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). The FDOC is an arm of the executive branch of state government, see Fla. Stat. § 20.315, and thus is not a person for purposes of § l983 litigation.

Next, the Court observes that New River CI is not a legal entity amenable to suit. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214B15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "A correctional facility or the jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015); accord Mellen v. Florida, No. 3:13-cv-1233-J-34PDB, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014). Because New River CI is not a legal entity amenable to suit, Mitchell fails to state a § 1983 claim upon which relief may be granted against the correctional institution. Additionally, the institution's medical department is not a "person"

amenable to suit under § 1983. See Hix v. Tennessee Dep't of Corr., 196 F. App'x 350, 355-56 (6th Cir. 2006).

For the foregoing reasons, this case will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Mitchell's right to refile his claim under 42 U.S.C. § l983 with sufficient factual allegations to support a claim under § 1983 against the proper Defendants, if he elects to do so. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. The Clerk of Court will be directed to provide a civil rights complaint form and Affidavit of Indigency form to Mitchell. If Mitchell chooses to refile a civil rights complaint in this Court to address any alleged federal constitutional violations, he must submit a fully completed civil rights complaint form with an original signature and must submit a copy of the form for each Defendant for service of process. Mitchell must either pay the $400.00 filing fee or file a fully completed Affidavit of Indigency form.

Accordingly, it is now

**ORDERED AND ADJUDGED**:

1.  This case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.  The Clerk of Court shall enter judgment dismissing this case without prejudice.

3. The Clerk shall send a civil rights complaint form and an Affidavit of Indigency form to Plaintiff. If he elects to refile his claims, he may complete and submit the proper forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In initiating such a case, Plaintiff should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) or pay the $400.00 filing fee (if he does not desire to proceed as a pauper).

4. The Clerk shall terminate any pending motions and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of November, 2019.

MARCIA MORALES HOWARD
United States District Judge

sc 11/26
c:
James Mitchell, FDOC #508604